IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FLEXIBLE INNOVATIONS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4-07CV-102-A |
| | ) | |
| v. | ) | |
| | ) | |
| HR US LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant HR US LLC, by and through its undersigned counsel, hereby responds and raises affirmative defenses to the allegations and claims of Plaintiff's Original Complaint (the "Complaint"), and alleges its Counterclaim for Cancellation of Plaintiff's United States Trademark Registration Nos. 2,899,410 and 3,071,930.

**ANSWER**

1. Defendant admits that Plaintiff has referred to itself at places in the Complaint as "FI." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Complaint.

2. Defendant admits the allegations of Paragraph 2 of the Complaint, but clarifies that it is a limited liability company organized and existing under Delaware law.

3. Defendant admits that it is a "foreign" entity, in that it is not organized and existing under the laws of Texas, and that it has not designated or maintained agents for service of process in Texas. Defendant admits that it maintains an Internet website at the domain names

*www.igrip.net* and *www.hr-us.com*. Defendant denies the remaining allegations of Paragraph 3 of the Complaint.

4. Without admitting any wrongdoing or liability, Defendant admits that Plaintiff has asserted claims for trademark infringement and unfair competition arising under the Lanham Act and common law, and that this Court has subject matter jurisdiction over such claims. Without admitting any of the allegations of the Complaint not admitted herein, Defendant admits if this court has personal jurisdiction over Defendant, the allegations of the Complaint give rise to venue in this judicial district. Defendant denies that the amount in controversy exceeds $100,000, or that Plaintiff is entitled to any damages from Defendant, let alone damages that exceed $100,000. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Complaint and therefore denies said allegations.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and therefore denies said allegations.

6. Defendant admits that the records of the United States Patent and Trademark Office indicate that Plaintiff is the owner of United States Trademark Registration Nos. 2,899,410 for the trademark EGRIPS and 3,071,930 for the trademark EGRIPS TECHNOLOGY, that those records indicate that these registrations issued on November 2, 2004 and March 21, 2006, respectively, and that Plaintiff has attached copies of registration certificates for those registrations to the Complaint as Exhibits A and B, respectively. However, Defendant denies that these trademark registrations are valid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Complaint and therefore denies said allegations.

7. Defendant denies that the descriptive word "egrips" has acquired secondary meaning. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint and therefore denies said allegations.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore denies said allegations.

9. Defendant admits that it markets and sells cell phone holders and auto mounts under its trademark IGRIP, that these products may be viewed on Internet websites, and that Plaintiff has attached screen shots from Defendant's website to the Complaint as Exhibit C. Defendant denies the remaining allegations of Paragraph 9 of the Complaint.

10. Defendant admits that in January 2007, it displayed and marketed products offered under its trademark IGRIP at the Consumer Electronics Show in Las Vegas, Nevada. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 of the Complaint and therefore denies said allegations.

11. Defendant admits that its principals recently became aware of Plaintiff's alleged products but Defendant denies the remaining allegations of Paragraph 11 of the Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Complaint.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant admits that it has not entered into any license and has not sought any permission or consent of Plaintiff. Defendant denies any remaining allegations of Paragraph 15 of the Complaint.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff FI continues to currently and actively expand the sales of its products[.]" Defendant denies the remaining allegations of Paragraph 17 of the Complaint.

18. Defendant denies the allegations of Paragraph 18 of the Complaint.

19. No response is required to the substance of Paragraph 19 of the Complaint. Defendant nevertheless repeats and incorporates by reference its responses to Paragraphs 1-18 of the Complaint.

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

22. No response is required to the substance of Paragraph 22 of the Complaint. Defendant nevertheless repeats and incorporates by reference its responses to Paragraphs 1-21 of the Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Complaint

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant admits that Plaintiff's alleged damages are not presently ascertainable because Plaintiff has not been damages by any conduct of Defendant. Defendant denies the remaining allegations of Paragraph 29 of the Complaint.

No response is required to the substance of the Complaint under the heading *Prayer for Relief* or *Jury Demand*. Defendant nevertheless denies that Plaintiff is entitled to any relief in this action.

**AFFIRMATIVE DEFENSES**

Defendant hereby asserts that some or all of the claims alleged in the Complaint are barred in whole or in part by the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

3. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

4. Plaintiff's claims are barred in whole or in part by the doctrine of acquiescence.

5. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

6. Plaintiff's claims are barred in whole or in part because Plaintiff's United States Trademark Registrations were procured by fraud, were issued improperly, and are invalid in that Plaintiff made material misrepresentations of fact or withheld material facts relating to the descriptiveness or generic nature of the term "egrips", the Patent and Trademark Office relied on those material misrepresentations or omissions, and but for those material misrepresentations or omissions, the registrations would not have issued.

7. Plaintiff's claims are barred in whole or in part because Plaintiff's alleged trademarks are merely descriptive and those alleged trademarks have not acquired secondary meaning.

8. Plaintiff's claims are barred in whole or in part because the term "egrips" and "egrips technology" are generic terms not capable of functioning as a trademark.

9. Plaintiff's claims are barred in whole or in part because the terms "egrips" and "egrips technology" otherwise fail to distinguish Plaintiff's products from similar products that do not originate with Plaintiff.

Defendant reserves the right to seek leave to assert additional affirmative defenses in accordance with applicable law if it later obtains information on which to base such additional defenses.

## COUNTERCLAIMS

Counterclaim Plaintiff HR US LLC, by and through its undersigned attorney, hereby alleges as follows:

1. This is a counterclaim for cancellation of Counterclaim Defendant's United States Trademark Registration Nos. 2,899,410 and 3,071,9302 ("FI's Registrations") pursuant to 15 U.S.C. § 1119.

2. FI's Registrations were issued improperly, are invalid, and should be cancelled because the alleged trademarks for which they issued are merely descriptive, in that they immediately and unmistakably describe, identify, or characterize a quality, feature, or attribute of products offered under those marks and/or directly convey information regarding the nature, function, purpose, or use of such products, and said alleged trademarks have not acquired secondary meaning. Alternatively the marks shown in the FI Registrations are generic names for the elastomeric grips sold by Plaintiff. And, the FI Registrations were obtained by fraud.

3. Counterclaim Plaintiff HR US LLC ("HR") is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in Lincoln Park, New Jersey.

4. On information and belief, Counterclaim Defendant Flexible Innovations, Ltd. ("FI") is a limited partnership organized and existing under the laws of Texas, with its principal place of business in Fort Worth, Texas.

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. The Court has personal jurisdiction over HR by virtue of HR's Complaint initiating this action and its substantial and continuous business presence in Texas.

6. On November 2, 2004, the United States Patent and Trademark Office ("PTO") issued United States Trademark Registration No. 2,899,410, for the mark EGRIPS (for "Elastomeric appliqué for placement onto handheld electronic devices to provide anti-slip and shock absorption"), to Plaintiff.

7. On March 21, 2006, the Patent and Trademark Office issued United States Trademark Registration No. 3,071,930, for the mark EGRIPS TECHNOLOGY (exclusive rights in "technology" disclaimed) (for "Elastomeric anti-slip film for use in creating gripping surfaces"), to Plaintiff.

8. The PTO initially refused registration of "egrips" on the grounds that this word is merely descriptive.

9. FI overcame the refusal to register "egrips" by alleging that this term was inherently distinctive. But for this allegation, the PTO would have refused registration or would have required FI to prove that the marks had acquired secondary meaning.

10. FI knew that it could not prove secondary meaning and therefore claimed that the mark was not merely descriptive.

11. In the Complaint it filed to initiate this action, FI now admits that the term "egrips" is merely descriptive, and not inherently distinctive, by claiming that its alleged marks have acquired secondary meaning.

12. By virtue of FI's improperly registered trademark registrations, FI claims that it has the right to exclude others from using and registering trademarks that are similar to the marks shown in FI's Registrations. FI's Registrations thus remove from the competitive marketplace terms that other businesses have a right to use and improperly restricts and trammels common and competitive speech.

13. Defendant has been and continues to be injured by FI's alleged rights under its improperly registered trademark applications, as evidenced by FI's filing of, and claims asserted in, this action.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

14. As a separate cause of action and ground for relief, HR alleges that it is entitled to a declaratory judgment, pursuant to 28 U.S.C. §§2101 and 2202 that it has not infringed or otherwise violated any rights that FI may claim in the word "egrips." Paragraphs 1 through 13 of the counterclaim are incorporated by reference as a part of this count.

15. Notwithstanding the fact that the term "egrips" is a merely descriptive name lacking secondary meaning, or alternatively a generic name, FI has claimed that HR's use of IGRIP creates a likelihood of confusion with FI's alleged marks "egrips" and "egrips technology", that HR's use of IGRIP is injurious to and infringes FI's rights, and that HR has no right to use the designation IGRIP.

16. Plaintiff's groundless claims and demands give rise to a case of actual controversy within the jurisdiction of this Court, and Defendant is entitled to a declaratory judgment pursuant to 28 U.S.C. §§2101 and 2202.

17. To resolve the legal and factual questions raised by Plaintiff, and to afford relief from the uncertainty and controversy which Plaintiff's assertions have caused, Defendant is entitled to declaratory judgment, pursuant to 28 U.S.C. §§2101 and 2102, on the following issues.

18. Plaintiff has no valid trademark rights in the words "egrips" and "egrips technology", and Defendant has not infringed or otherwise violated any alleged rights Plaintiff may claim in its alleged marks.

19. The use of IGRIP by Defendant does not violate any statutory or common law trademark, service mark, or trade name rights Plaintiff may claim under federal trademark law or any other law or statute.

20. Defendant's use of the term IGRIP does not violate any statutory or common law unfair competition rights Plaintiff may claim under federal law or any other law or statute.

21. Defendant's use of the term IGRIP does not create any likelihood of confusion, mistake, or deception among purchasers with respect to Plaintiff's alleged marks "egrips" or "egrips technology."

22. Plaintiff's allegations that Defendant is violating or infringing Plaintiff's rights, or engaging in unfair competition, irreparably injures Defendant and, unless enjoined by this court, will continue to injure Defendant's business, goodwill, and the investment it has made in advertising and promoting its products.

## COUNT II
## CANCELLATION OF PLAINTIFF'S ALLEGED TRADEMARKS

23. As a separate cause of action and ground for relief, Defendant alleges that Plaintiff's registrations for the alleged marks "egrips" and "egrips technology" should be cancelled pursuant to 15 U.S.C. §1119. Paragraphs 1 through 22 of the counterclaim are incorporated by reference as a part of this count.

24. On information and belief, Plaintiff's alleged mark "egrips" is a merely descriptive name for Plaintiff's goods within the meaning of 15 U.S.C. § 1052(e), and the name never acquired any secondary meaning.

25. On information and belief, Plaintiff's alleged mark "egrips" is a generic name for Plaintiff's goods within the meaning of 15 U.S.C. §1064(3).

26. On information and belief, Plaintiff's Registration Nos. 2,899,410 and 3,071,930 were obtained fraudulently within the meaning of 15 U.S.C. §1115(b)(1) in that Plaintiff made material misrepresentations of fact or withheld material facts relating to the descriptiveness or generic nature of the term "egrips", the Patent and Trademark Office relied on those material misrepresentations or omissions, and but for those material misrepresentations or omissions, the registrations would not have issued.

27. Because the alleged mark "egrips" is merely descriptive and lacks secondary meaning, or because "egrips" is the generic name for Plaintiff's product, and because the registrations were obtained fraudulently, Plaintiff's registrations should be cancelled pursuant to 15 U.S.C. §1119.

WHEREFORE, Defendant prays that judgment be entered that:

    (1) Defendant is entitled to a declaratory judgment that

(a) The use of IGRIP by Defendant does not violate any statutory or common law trademark, service mark or trade name rights Plaintiff may claim under 15 U.S.C. §1114 or any other law or statute.

(b) Defendant's use of IGRIP does not violate any statutory or common law unfair competition or deceptive trade practice rights Plaintiff may claim under the 15 U.S.C. §1125(a) or any other law or statute.

(c) Defendant's use of IGRIP does not create any likelihood of confusion mistake or deception among purchasers with respect to Plaintiff's alleged marks.

(f) Defendants have the right to use the mark IGRIP, in connection with their products without interference from Plaintiff, its officers, agents, servants, employees, attorneys, privies, representatives, successors and assigns and any and all other persons acting by, through or under authority from Plaintiff, either separately or jointly.

(2) Pursuant to 28 U.S.C. §2202, Plaintiff, its officers, agents, servants, employees, attorneys, privies, representatives, successors and assigns, and any and all persons in active concert or participation with or under authority from Plaintiff, either separately or jointly, be enjoined from:

  (a) interfering with or threatening to interfere with use of the mark IGRIP by Defendant, its related companies, successors or assigns;

  (b) instituting or prosecuting any suit or other proceeding placing in issue the right of Defendants or any related companies, successors or assigns to register or use the term IGRIP.

(3) Pursuant to 15 U.S.C. §1119, Plaintiff's federal Registration Nos. 2,899,410 and 3,071,930 be cancelled on the grounds that the marks shown therein are invalid in that they are merely descriptive and lack secondary meaning or they are generic names for Plaintiff's goods, and that the registrations were procured by fraud.

(4) Pursuant to 15 U.S.C. §1117(a), this be declared an exceptional case and Plaintiff be required to pay all of Defendants' costs and attorneys' fees.

(5) Defendants have such other further relief as may be just.

Respectfully submitted,

By: *William C. Meier*
William C. Meier
Central Park Tower,
2350 Airport Freeway, Suite 660
Bedford Texas 76022

**OF COUNSEL:**

**ARENT FOX LLP**

*Michael A. Grow*
Michael A. Grow
Alec P. Rosenberg
1050 Connecticut Avenue, NW
Washington, D.C. 20036-5339
202.857.6000 (Tel)
202.857.6395 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the above and foregoing instrument upon the following attorneys of record by placing same in the United States mail via certified mail with return receipt requested and/or by facsimile transmission and/or by electronic transmission and/or by hand-delivery this, the 12th day of June, 2007:

ATTORNEYS FOR PLAINTIFF FLEXIBLE INNOVATIONS, LTD.:
    Mr. Richard L. Schwartz (SBN 17869500)
    WHITAKER, CHALK, SWINDLE & SAWYER, LLP
    301 Commerce Street, Suite 3500
    Fort Worth, Texas 76102-4186
    817-878-0500; Fax 817-878-0501

*William C. Meier*
WILLIAM C. MEIER

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED
U.S. DISTRICT COURT
NORTHERN DISTRICT OF T
2007 JUN 12 PM 3:42
CLERK OF COURT

## I. (a) PLAINTIFFS
FLEXIBLE INNOVATIONS, LTD.

## DEFENDANTS
HR US LLC

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Tarrant
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Morris
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Mr. Richard L. Schwartz
WHITAKER, CHALK, SWINDLE & SAWYER, LLP
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102-4186
817-878-0500; Fax 817-878-0501

**ATTORNEYS (IF KNOWN)**
Mr. William C. Meier
LAW OFFICE OF WILLIAM C. MEIER
2350 Airport Freeway, Suite 660
Bedford, Texas 76022 1050
817-283-9528; Fax 817-545-9042

Mr. Michael A. Grow
Mr. Alec P. Rosenberg
ARENT FOX LLP
1050 Connecticut Ave, NW
Washington, DC 20036-5339
202-857-6000; Fax 202-857-6395

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 USC §1119 and 28 USC §2101 and §2102 - Counterclaim for cancellation of trademarks and Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 6-12-07

SIGNATURE OF ATTORNEY OF RECORD: *William C. Meier*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse
(Rev. 3/99)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) **Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.