IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FLEXIBLE INNOVATIONS, LTD.,          §
                                     §
          Plaintiff,                 §
                                     §
VS.                                  §   NO. 4:07-CV-102-A
                                     §
HR US LLC,                           §
                                     §
          Defendant.                 §

MEMORANDUM OPINION
and
ORDER

Pending before the court is the motion of plaintiff, Flexible Innovations, Ltd., to dismiss certain counterclaims brought by defendant, HR US LLC, in the above-captioned action. Having reviewed the motion, defendant's response, the relevant pleadings, and applicable authorities, the court concludes that such motion should be denied for the reasons stated below.

I.

Defendant's Motion to Dismiss

The motion to dismiss is directed to counterclaims asserted by defendant under the heading "Count II Cancellation of Plaintiff's Alleged Trademarks." Def.'s Answer at 9; Pl.'s Mot. at 1 n.1. Plaintiff contends that defendant's fraud counterclaim does not comply with Rule 9(b) of the Federal Rules of Civil Procedure and that two other counterclaims do not meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff argues that in failing to comply with such Rules, defendant has not sufficiently stated its counterclaims.

Accordingly, the court will apply the standards used in consideration of a motion to dismiss for failure to state a claim.

## II.

### The Counterclaims

The above-captioned action relates to anti-slip, shock absorption applique products, which are used with and as holders for cell phones and similar electronic devices. In its complaint, filed February 12, 2007, plaintiff alleges that defendant is violating the trademarks it holds for its "EGRIPS" products. Plaintiff alleges that defendant is so doing by marketing, offering for sale, and selling products under the mark "IGRIP," such products being similar to plaintiff's "EGRIPS" products. Specifically, plaintiff alleges that defendant infringed trademarks held by plaintiff in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114. Plaintiff also alleges common law violations and unfair competition.

In its answer, filed June 12, 2007, defendant denies plaintiff's allegations, and pleads certain affirmative defenses and counterclaims. At issue with respect to the instant motion are the counterclaims asserted on page 10 of defendant's answer in paragraphs 23 through 27. In such paragraphs, defendant contends that plaintiff's trademarks should be cancelled because:

> 24. On information and belief, Plaintiff's alleged mark "egrips" is a merely descriptive name for Plaintiff's goods within the meaning of 15 U.S.C. § 1052(e), and the name never acquired any secondary meaning.

> 25. On information and belief, Plaintiff's alleged mark "egrips" is a generic name for Plaintiff's goods within the meaning of 15 U.S.C. § 1064(3).
>
> 26. On information and belief, Plaintiff's [trademarks with] Registration Nos. 2,899,410 and 3,071,930 were obtained fraudulently within the meaning of 15 U.S.C. § 1115(b)(1) in that Plaintiff made material misrepresentations of fact or withheld material facts relating to the descriptiveness or generic name of the term "egrips", [sic] the Patent and Trademark Office relied on those material misrepresentations or omissions, and but for those material misrepresentations or omissions, the registrations would not have issued.

Def.'s Answer at 10. In support of such counterclaims, plaintiff alleges that:

On November 2, 2004, the United States Patent and Trademark Office ("PTO") issued United States Trademark Registration No. 2,899,410, to plaintiff for the mark "EGRIPS," for "[e]lastomeric applique for placement onto handheld electronic devices to provide anti-slip and shock absorption." Def.'s Answer at 7. On March 21, 2006, the PTO issued United States Trademark Registration No. 3,071,930, to plaintiff for the mark "EGRIPS TECHNOLOGY," for "[e]lastomeric anti-slip film for use in creating griping surfaces," with exclusive rights in "technology" disclaimed. Id. The PTO initially refused registration of "EGRIPS" on the grounds that such word was merely descriptive, but plaintiff overcame the PTO's refusal by alleging that such term was inherently distinctive. But for the allegation that the term was inherently distinctive, the PTO would have refused registration of "EGRIPS" and would have required plaintiff to prove that its marks had acquired secondary meaning.

Plaintiff knew it could not prove that its marks had acquired secondary meaning, and that is why it claimed that the marks were not merely descriptive.  In the complaint it filed to initiate the above-captioned action, plaintiff admitted that the term "EGRIPS" is merely descriptive--and not inherently distinctive--because it claims that the marks associated with such term have acquired secondary meaning.  Accordingly, plaintiff's trademarks were improperly registered, and such improper registrations "remove from the competitive marketplace terms that other businesses have a right to use and improperly restricts and trammels common and competitive speech."  Def.'s Answer at 8.

### III.

### Analysis

The standards for deciding a motion to dismiss for failure to state a claim are well-settled.  The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  355 U.S. at 45-46.  However, the Supreme Court has held that it did not quite mean its "no set of facts" statement in Conley.  Bell Atlantic Corp. v. Twombly, 550 U.S. ____, 127 S.

Ct. 1955, 1968-69 (2007) (stating that the Conley "no set of facts" statement "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," at 1969).

In evaluating whether the complaint states a viable claim, the court construes the allegations of the complaint favorably to the pleader. Scheuer, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Bell Atlantic, 127 S. Ct. at 1964-65 (stating that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations, brackets, and quotation marks omitted)); Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). On a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

5

A.   <u>Averments of Fraud</u>

Rule 9(b) of the Federal Rules of Civil Procedure provides, <u>inter alia</u>, that "[i]n all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity."  Generally, "Rule 9(b) requires that plaintiffs plead enough facts to illustrate the who, what, when, where, and how of the alleged fraud."  <u>Carroll v. Fort James Corp.</u>, 470 F.3d 1171, 1174 (5th Cir. 2006) (quotation and citation omitted).  In the context of fraud in the procurement of a federal trademark, a claimant must plead and prove: "(1) the false representation regarding a material fact; (2) the registrant's knowledge or belief that the representation is false (scienter); (3) the intention to induce action or refraining from action in reliance on the misrepresentation; (4) reasonable reliance on the misrepresentation; and (5) damages proximately resulting from such reliance."  <u>San Juan Prods., Inc. v. San Juan Pools of Kansas, Inc.</u>, 849 F.2d 468, 473 (10th Cir. 1988).

Plaintiff argues that, in particular, defendant has not alleged any specific facts regarding why plaintiff knew or believed any statements it made in the "EGRIPS" trademark applications were false.  "Allegations about conditions of the mind, such as defendant's knowledge of the truth and intent to deceive, however, may be pleaded generally."  <u>Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.</u>, 975 F.2d 1134, 1139 (5th Cir. 1992).  Defendant has satisfied this standard, alleging that plaintiff intentionally made material misrepresentations in order to secure

its trademarks by claiming that its marks were not merely descriptive, knowing it could not prove that its marks had acquired secondary meaning.  Contrary to plaintiff's contention, defendant has pleaded "more than labels and conclusions, and a formulaic recitation of the elements" of its fraud claim.  Bell Atlantic, 127 S. Ct. at 1964-65.  Defendant's allegations apprise plaintiff of the "who, what, when, where, and how of the alleged fraud."  See Carroll, 470 F.3d at 1174.  Accordingly, dismissal of such claim pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure would be improper.

B.   Other Counterclaims

The court further concludes that the remainder of defendant's challenged counterclaims satisfy Rule 8 of the Federal Rules of Civil Procedure, providing plaintiff with fair notice of such counterclaims and the grounds upon which they rest.  See  Boudeloche v. Grow Chem. Coatings Corp., 728 F.2d 759, 762 (5th Cir. 1984).  Specifically, defendant claims that the trademarks at issue should be cancelled because plaintiff's "EGRIPS" mark is merely a descriptive and/or generic name for plaintiff's product.  With respect to the generic name allegation, plaintiff argues that KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc., 408 F.3d 596 (9th Cir. 2005), supports its position.  However, that case does not have any bearing on the instant motion because it dealt with a motion for summary judgment, not a motion to dismiss for failure to state a claim.  With respect to defendant's descriptive name allegation,

7

plaintiff attacks the logic defendant might use to support such a claim.  The court's task in considering the instant motion is to determine whether the claimant is entitled to offer evidence in support of the claims, not whether the claimant will ultimately prevail.  See Scheuer, 416 U.S. at 236.  Thus dismissal of such claims would be improper.

IV.

Order

For the reasons discussed above, the court concludes that plaintiff's motion should be denied.

Therefore,

The court ORDERS that plaintiff's motion to dismiss defendant's counterclaims be, and is hereby, denied.

SIGNED November 8, 2007.

                                                /s/ John McBryde
                                               JOHN McBRYDE
                                               United States District Judge