

U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

08 JUN -5 PM 3:25

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FLEXIBLE INNOVATIONS, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4-07CV-102-A |
| HR US LLC, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S APPENDIX IN SUPPORT OF
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

| Item | Description | Page |
|---|---|---|
| A | Registration No. 2,899,410 for "EGRIPS" | 3 |
| B | Registration No. 3,071,930 for "EGRIPS TECHNOLOGY" | 4 |
| C | Declaration of Molly Buck Richard | 5-8 |
| 1 | Vitae of Molly Buck Richard | 9-11 |
| 2 | File Wrapper for Registration No. 2,899,410 for "EGRIPS" | 12-56 |
| 3 | File Wrapper for Registration No. 3,071,930 for "EGRIPS TECHNOLOGY" | 57-89 |
| 4 | Internet Searches by Molly Buck Richard | 90-131 |
| 5 | Agreed Partial Consent Judgment, Civil Action No. 4-04-CV-021-A (N.D. Tex. May 18, 2005) | 132-134 |

Respectfully submitted,

By: _____

RICHARD L. SCHWARTZ
SBN 17869500
rschwartz@whitakerchalk.com

THOMAS F. HARKINS, JR.
SBN 09000990
tharkins@whitakerchalk.com

**WHITAKER CHALK SWINDLE & SAWYER L.L.P.**
301 Commerce Street, Suite 3500
Fort Worth, TX 76102-4186
(817)878-0500
Fax: (817)878-0501

**ATTORNEYS FOR PLAINTIFF
FLEXIBLE INNOVATIONS, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Appendix is being sent by first-class United States Mail, postage prepaid, to Counsel for Defendant, Michael A. Grow, Arent Fox LLP, 1050 Connecticut Avenue, NW, Washington, D.C. 20036-5339; and William C. Meier, Central Park Tower, 2350 Airport Freeway, Suite 660, Bedford, Texas 76022, on this 5th day of June, 2008.

_____
RICHARD L. SCHWARTZ

F:\Stor\RLS\FLEXIBLE\HR US LLC\Pleadings\MSJBriefAppx.doc





Int. Cl.: 17

Prior U.S. Cls.: 1, 5, 12, 13, 35 and 50      **Reg. No. 2,899,410**

**United States Patent and Trademark Office**    Registered Nov. 2, 2004

Corrected                                OG Date Nov. 8, 2005

## TRADEMARK
## PRINCIPAL REGISTER

### EGRIPS

FLEXIBLE INNOVATIONS, LTD. (TEXAS LIMITED PARTNERSHIP)
P.O. BOX 101029
FORT WORTH, TX 761851029

FOR: ELASTOMERIC APPLIQUE FOR PLACEMENT ONTO HANDHELD ELECTRONIC DEVICES TO PROVIDE ANTI-SLIP AND SHOCK ABSORPTION, IN CLASS 17 (U.S. CLS. 1, 5, 12, 13, 35 AND 50).

FIRST USE 6-5-2003; IN COMMERCE 6-5-2003.

SER. NO. 78-200,215, FILED 1-6-2003.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Nov. 8, 2005.*

DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE



PLAINTIFF'S
EXHIBIT
"A"

3



Int. Cl.: 17

Prior U.S. Cls.: 1, 5, 12, 13, 35, and 50

**United States Patent and Trademark Office**

**Reg. No. 3,071,930**
Registered Mar. 21, 2006

## TRADEMARK
### PRINCIPAL REGISTER

# EGRIPS TECHNOLOGY

FLEXIBLE INNOVATIONS, LTD. (TEXAS LIM-
ITED PARTNERSHIP)
P.O. BOX 101029
FORT WORTH, TX 76185

**FOR: ELASTOMERIC ANTI-SLIP FILM FOR USE
IN CREATING GRIPPING SURFACES, IN CLASS 17
(U.S. CLS. 1, 5, 12, 13, 35 AND 50).**

FIRST USE 6-1-2004; IN COMMERCE 6-1-2004.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,899,410.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "TECHNOLOGY", APART FROM
THE MARK AS SHOWN.

SN 78-386,004, FILED 3-17-2004.

MICHAEL SOUDERS, EXAMINING ATTORNEY



PLAINTIFF'S
EXHIBIT
"θ"

4



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **FLEXIBLE INNOVATIONS, LTD.** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4-07cv102A** |
| | § | |
| **HR US LLC.,** | § | |
| | § | |
| **Defendant** | § | |

## DECLARATION OF MOLLY BUCK RICHARD

I, Molly Buck Richard, declare as follows:

1.      I received a Bachelor of Arts degree in English and Business Administration from Austin College in Sherman, Texas in January of 1977 and my Juris Doctor from Southern Methodist University School of Law in Dallas, Texas in May of 1981.

2.      I am admitted to practice in the state and federal courts in Texas, and am admitted to practice before the United States Court of Appeals for the Fifth Circuit, the United States Court of Appeals for the Eleventh Circuit and the United States Court of Appeals for the Federal Circuit.

3.      Since graduating from law school in 1981, I have practiced exclusively in the area of intellectual property law with a particular emphasis on trademark law.  My practice includes trademark search and opinion work, trademark prosecution through the United States Patent and Trademark Office and before the various Secretaries of the State, trademark cancellation and opposition proceedings before the Trademark Trial and Appeal Board, and litigation in trademark infringement and unfair competition matters.   I regularly file and prosecute trademarks with the United States Patent and Trademark Office and during my career I have

PLAINTIFF'S EXHIBIT "C"

5

filed well over 2,000 trademark applications in the United States alone. A copy of my vitae is attached hereto as Exhibit 1.

4.      I have been retained as a trademark expert in the above referenced matter on behalf of the Plaintiff, Flexible Innovations, Ltd. In connection therewith, I have reviewed the pleadings of the parties and the file histories of the Plaintiff's trademark applications with the United States Patent and Trademark Office.

5.      Defendant contends that the mark EGRIPS is a generic term. In my opinion, the term EGRIPS cannot be a generic term because the genus of the goods is "elastomeric skins or films". Also, there is no dictionary definition for the term "EGRIPS", and the term is not used generically by others. In my opinion, the marks EGRIPS and EGRIPS TECHNOLOGY are inherently distinctive, or at least are suggestive trademarks and are not merely descriptive. A merely descriptive mark is one that immediately identifies or conveys the goods or a feature of the goods. In this case, the marks EGRIPS and EGRIPS TECHNOLOGY do not conjure up any immediate connection with elastomeric skins or films that are applied to handheld devices to keep them from slipping.

6.      During the prosecution of the application for the EGRIPS mark, the Examining Attorney initially refused registration of the EGRIPS mark as merely descriptive, finding that the term "e" is commonly used as a shorthand term for "electronic". See Exhibit 2, page 31. It is common for the Trademark Office to issue initial refusals of registration in connection with applied for marks and it is common for the attorney representing the applicant to present arguments in an attempt to overcome those refusals. In this case, I am of the opinion that the attorney for the applicant properly argued that the mark was suggestive and not merely descriptive. See Exhibit 2, pages 25-26. Additionally, the applicant provided the Examining

6

Attorney with a sample of the packaging for the EGRIPS product shortly thereafter. See Exhibit 2, page 17. As a result of these arguments and after considering the packaging, the Examining Attorney withdrew the initial rejection of the mark as merely descriptive. See Exhibit 2, pages 12-13 (withdrawing the Section 2(e)(1) refusal). In my opinion, that withdrawal was a proper response to the arguments that were presented. In my opinion, she considered both the applicant's counsel's arguments as well as the packaging for the goods in concluding that the mark EGRIPS was not merely descriptive.

7. In reaching these opinions, I reviewed the file histories for the marks EGRIPS and EGRIPS TECHNOLOGY and I also conducted searches to determine whether the term "EGRIPS" was used by others in a generic sense. The references that I found in my search indicated that the term EGRIPS is not used by others to reference "elastomeric grips" as argued by the Defendant and indeed, the references I found generally referred to the Plaintiff's product. Copies of the file histories for the EGRIPS and EGRIPS TECHNOLOGY trademarks are attached as Exhibits 2 and 3, respectively, and copies of my Internet searches are attached as Exhibit 4. I also note that, while not dispositive but of interest, that this Court signed an Agreed Consent Judgment in a prior case involving Plaintiff and a party using the mark IGRIP for similar goods, enjoining that party from any further use of the IGRIP mark based on Plaintiff's ownership of the registered mark EGRIP. A copy of this Judgment is attached hereto as Exhibit 5.

8. Defendant has claimed that the Plaintiff committed fraud on the Trademark Office during the prosecution of the mark EGRIPS by claiming that the mark was inherently distinctive. In my opinion, Plaintiff did not commit any fraud on the Trademark Office. A trademark applicant commits fraud on the Trademark Office when it makes misrepresentations regarding a

material fact to the Trademark Office that are relied upon by the Trademark Office in making the determination to issue the registration. For instance, if an applicant claims that it has used a mark on the goods for which the mark is applied for and that claim is false, the Trademark Office relies upon that representation because it is information that is exclusively in the knowledge of the applicant. **In this case, the Examining Attorney was armed with as much information about the nature of the goods as the applicant.** At no time did the Examining Attorney reject the mark as generic and **there was no evidence, either available to the Examining Attorney or to the applicant, that the term EGRIPS was generic.** In response to the Examining Attorney's initial rejection of the mark as merely descriptive, the **applicant's counsel made appropriate arguments as to why the mark was not merely descriptive but rather, was suggestive. Mere arguments are not false representations regarding a material fact.** The Examining Attorney clearly considered those arguments and reviewed the specimens of use provided by the applicant and found them to be sufficient to overcome any descriptiveness rejection. This is not fraud. **No information known only to the applicant was withheld by the applicant or its counsel and thus, no fraud was committed on the Trademark Office.**

I declare under penalties of perjury that the foregoing declaration is true and correct.

DATE: _June 4, 2008_

MOLLY BUCK RICHARD
Richard Law Group, Inc.
8411 Preston Road, Suite 890
Dallas, TX 75225
(214) 206-4301
(214) 206-4330 (fax)