

*CTJ/RMT*
*ORIGINAL*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| FLEXIBLE INNOVATIONS, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4-07CV-102-A |
| HR US LLC, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, FLEXIBLE INNOVATIONS, LTD. ("Flexible"), has moved, pursuant to Rule

56, FEDERAL RULES OF CIVIL PROCEDURE ("FRCP") and Local Rule 56.3, for partial summary

judgment on the issues of (a) the validity and strength of its "EGRIPS" and "EGRIPS

TECHNOLOGY" marks (the "Marks"), and (b) no fraud on the Patent and Trademark Office

("PTO"). Flexible now files its Plaintiff's Brief in support of Plaintiff's Motion for Partial

Summary Judgment pursuant to Local Rule 56.5.

### SUMMARY

A.    ELEMENTS OF THE CLAIMS OR DEFENSES AS TO WHICH SUMMARY JUDGMENT IS SOUGHT.

First Issue:  The Marks are at Least Suggestive, Not Generic Nor Merely Descriptive.

    1.     Because the Marks are registered with the PTO, Defendant, HR US LLC, has

the burden to prove that the Marks are either generic or merely descriptive.

    2.     To prove that a mark is generic requires evidence of the genus of the goods

or services and the understanding by the general public that the mark refers primarily to

that genus of goods or services.

3.     Merely descriptive marks describe the qualities or characteristics of a product directly.

4.     A suggestive mark is one that requires some operation of the imagination to connect it with the goods.

Second Issue:  There Was No Fraud on the PTO.

The elements to prove fraud in the procurement of a federal trademark are:

1.     A false representation regarding a material fact to the Trademark Examiner.

2.     The registrant's knowledge or belief that the representation is false (scienter).

3.     The intention to induce the Trademark Examiner to take action or refrain from action in reliance on the misrepresentation.

4.     The Trademark Examiner's reasonable reliance on the misrepresentation.

5.     Issuance of the registration resulting from such reliance.

B.     **THE LEGAL AND/OR FACTUAL GROUNDS ON WHICH THE MOVING PARTY RELIES**.

First Issue:  The Marks are at Least Suggestive, Not Generic Nor Merely Descriptive.

1.     Flexible has Federal Registrations for "EGRIPS" and "EGRIPS TECHNOLOGY" ("Marks").  Appendix ("Appx") Exhibits "A" and "B" (Appx at 3 and 4).

2.     Because of the registrations, the burden of proof is on Defendant, HR US LLC ("HR US"), to establish that the Marks are generic or merely descriptive.

3.     There is no evidence that the Marks state the genus of the goods or services offered by Flexible.  Declaration of Molly Buck Richard.  Appx Exhibit "C" (Appx at 6-7).

4.     There is no evidence that the general public understands that the Marks refer primarily to the genus of goods or services offered by Flexible.  Appx at 6-7; 91-131.

5.     The Marks do not describe the qualities or characteristics of Flexible's products directly.  Appx at 6.

6.     At a minimum, the Marks are suggestive because they require some operation of the imagination to connect them with the goods.  Appx at 6-7; 37-38.

7.     The marks are not generic nor merely descriptive, but are at least suggestive.

Second Issue:  <u>There Was No Fraud on the PTO</u>.

1.     There is no evidence that Flexible made a false representation regarding a material fact to the PTO examiner.  Appx at 7-8.

2.     There is no evidence that Flexible knew any representation that it made to the PTO examiner was false (no scienter).

3.     Presenting an argument to the PTO examiner that a mark is suggestive does not constitute a misrepresentation of a material fact.  Appx at 8.

4.     The Marks are *not* generic or merely descriptive.  Appx at 6-7.

5.     The Examiner has the independent obligation to resolve whether a mark is registrable or not, and there is no evidence that she exclusively relied on Flexible's argument that the Marks were at least suggestive in granting the Registrations.

6.     A material misrepresentation in the trademark registration context arises only if the registration *should* not have issued if the truth were known to the Examiner, and in this case, that is not true because the registration should have issued.

7.     Flexible did not commit fraud on the PTO.

## ARGUMENT AND AUTHORITIES

A.    **SUMMARY JUDGMENT IS APPROPRIATE TO DISPOSE OF THE ISSUES IN THE MOTION.**

In an earlier order in this case, the Court denied Flexible's Motion to Dismiss HR US's Counterclaims. *Flexible Innovations, Ltd. v. HR US LLC*, No. 4:07-CV-102-A; 2007 U.S. Dist. LEXIS 83019 (N.D. Tex. Fort Worth Div. Nov. 8, 2007). However, the Court distinguished between proceedings on motions to dismiss pleadings and motions for summary judgment. *Id.* at *9. The Fifth Circuit has expressly affirmed, in keeping with the position of the Supreme Court, that "summary judgment is and should be 'an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986)." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1074 (5th Cir. 1994) (en banc). "The Supreme Court has instructed us that the purpose of Rule 56 is to 'enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.' *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990)." *Little* at 1075.

Recently the Fifth Circuit reiterated the rules concerning summary judgment proceedings which are applicable in this context:

> Summary judgment is proper "if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but **need not negate the elements of the nonmovant's case.**" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party meets the initial burden of showing that there is no genuine issue, **the burden shifts to the nonmovant to set forth specific facts showing the existence of a**

> **genuine issue for trial**. Rule 56(e). The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little*, 37 F.3d at 1075.

*Aduddle v. Body*, No. 07-20190; 2008 U.S. App. LEXIS 9745 (5th Cir. May 7, 2008) (per curiam) (unpublished) (emphasis added). *See also Capitol Indemnity Corp. v. United States*, 452 F.3d 428, 430-31 (5th Cir. 2006) ("Summary judgment is properly granted if the record does not contain appropriate summary judgment evidence which would sustain a finding in the nonmovant's favor on any issue *as to which the nonmovant would bear the burden of proof at trial*.") (citing *Celotex*) (emphasis added).

HR US is advancing counterclaims that Flexible's marks are generic or merely descriptive, and further asserting that Flexible committed fraud on the PTO. Therefore, HR US has the burden of proof on those issues. Flexible need only point out, and hereby does, that there is no such evidence in the record, shifting the burden to HR US to come forward with such evidence if it wishes to avoid summary judgment. Additionally, "the plaintiff in an infringement action with a registered trademark is given the prima facie or presumptive advantage on the issue of validity, thus **shifting the burden of production to the defendant to prove otherwise. . . . [T]he defendant then bears the burden with respect to invalidity**." *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 604; 74 U.S.P.Q.2d 1897 (9th Cir. 2005) (emphasis added). Consequently, summary judgment should issue for Flexible that the Marks are not generic nor merely descriptive but rather are at least suggestive, and that Flexible did not commit fraud on the PTO by making the argument that the Marks were at least suggestive.

B.      <u>THE MARKS ARE NOT GENERIC NOR MERELY DESCRIPTIVE, BUT AT LEAST SUGGESTIVE</u>.

In *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763; 23 U.S.P.Q.2d 1081 (1992),

the Supreme Court discussed the categories of marks which are entitled to protection:

> Marks are often classified in categories of generally increasing distinctiveness; following the classic formulation set out by Judge Friendly, they may be (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; or (5) fanciful. See *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 9 (CA2 1976). The latter three categories of marks, because their intrinsic nature serves to identify a particular source of a product, are deemed inherently distinctive and are entitled to protection. In contrast, generic marks–those that "refer to the genus of which the particular product is a species," . . . are not registrable as trademarks.
>
> Marks which are merely descriptive of a product are not inherently distinctive. When used to describe a product, they do not inherently identify a particular source, and hence cannot be protected. However, descriptive marks may acquire the distinctiveness which will allow them to be protected under the Act. Section 2 of the Lanham Act provides that a descriptive mark that otherwise could not be registered under the Act may be registered if it "has become distinctive of the applicant's goods in commerce." §§ 2(e), (f), 15 U.S.C. §§ 1052(e), (f). This acquired distinctiveness is generally called "secondary meaning." . . .
>
> The general rule regarding distinctiveness is clear: An identifying mark is distinctive and capable of being protected if it either (1) is inherently distinctive or (2) has acquired distinctiveness through secondary meaning. Restatement (Third) of Unfair Competition § 13, pp. 37-38, and Comment a (Tent. Draft No. 2, Mar. 23, 1990).

505 U.S. at 768-69 (some citations omitted).

HR US claims Flexible's Marks fall in the generic or merely descriptive categories.

However, it has no evidence that this is the case. EGRIPS cannot be "generic" under

Federal Circuit precedent with respect to registration of marks:

> The correct legal test for genericness . . . requires evidence of "the genus of goods or services at issue" and the understanding by the general public that the mark refers primarily to "that genus of goods or services."

*In re American Fertility Society*, 188 F.3d 1341, 1347 (Fed. Cir. 1999) (citation omitted).[1] There is no evidence that the general public understands "EGRIPS" to refer primarily to the genus of "elastomeric skins or films." Appx at 6. HR US must come forward with some such evidence to avoid summary judgment as to its claim of genericness.

The situation in this respect is very similar to that in *KP Permanent Make-Up*, *supra*, 408 F.3d 596.[2] The court granted summary judgment because of the extreme unlikelihood that customers would directly associate the word mark with the underlying genus:

> The contention that "micropigmentation colors" is the generic term for the micropigmentation process and that "micro colors" is an abbreviation for that term and thus also generic is not one that reasonably minded jurors could accept. The words themselves do not support that contention, and KP introduced no evidence that the consumers so construed the words.

*Id*. at 605. It is equally obvious here that customers would not consider "EGRIPS" to be the genus of "elastomeric skins or films" which fasten various devices to various surfaces. Certainly there is no evidence of use of "EGRIPS" to designate this genus. Appx at 7; 91-131. For HR US to prevail on this issue, on which it has the burden of proof, it must come forward with such evidence. Respectfully, it will not be able to do so.

In fact, one case has specifically stated that a term using the word "grip" was suggestive as opposed to generic:

> A generic or common descriptive term, such as "chair," is not entitled to trademark protection under any circumstances, while **suggestive terms, such as "True Grip,"** . . . are entitled to trademark protection **without the need to show that they have a secondary meaning**.

---

[1] That court also held: "Aptness is insufficient to prove genericness." *Id*.

[2] This Court distinguished that case in *Flexible Innovations*, *supra*, on the ground that it dealt with summary judgment, not a motion to dismiss. *Id*. at *9. Since the present proceeding is on summary judgment at this juncture, *KP* becomes highly relevant, if not dispositive.

*F.A.R. Food, Inc. v. R. Fresh, L.L.C.*, 2007 Ohio 2758, ¶ 45; 2007 Ohio App. LEXIS 2549 at *16 (2007) (emphasis added; citation omitted).[3]

Neither is the Mark "EGRIPS" merely descriptive. The fact that the PTO Examiner ultimately did register Flexible's Marks "constitutes prima facie evidence that the mark is suggestive." *Money Store v. Harriscorp Finance, Inc.*, 689 F.2d 666, 673 (7th Cir. 1982) (citation omitted). That court explained the difference between merely descriptive and suggestive marks:

> One of the better statements of the distinction between merely descriptive and suggestive marks appears in A. Seidel, S. Dalroff, and E. Gonda, Trademark Law and Practice § 4.06, at 77 (1963): "Generally speaking, if the mark imparts information directly, it is descriptive. If it stands for an idea which requires some operation of the imagination to connect it with the goods, it is suggestive." . . .; *see also Tel-med*, 588 F.2d at 217 ("A suggestive term suggests rather than describes an ingredient or characteristic of the goods and requires the observer or listener to use imagination and perception to determine the nature of the goods.").

*Id.* at 673-74 (citation omitted). In affirming, the court held: "Some imagination and perception are therefore required to identify the precise nature of the services offered by the plaintiff." *Id.* at 674. This is even more true in the instant case. Summary judgment that the Marks are at least suggestive should be entered.

C.   **FLEXIBLE DID NOT COMMIT FRAUD ON THE PTO.**

The first reason why Flexible did not commit fraud is because, as just shown, its position before the PTO was *correct*–the Marks *are* at least suggestive. Second, HR US cannot establish the elements of fraud as applicable to trademark registration proceedings:

---

[3] Indeed, in another case before this Court where Flexible also sued a company using the "IGRIP" mark, the Court acknowledged Flexible's ownership of a valid federally registered mark for "EGRIPS." Appx at 133-134.

> Thus, to prove that San Juan committed fraud in the procurement of its federal trademark, Lien was required to plead and prove (1) the false representation regarding a material fact; (2) the registrant's knowledge or belief that the representation is false (scienter); (3) the intention to induce action or refraining from action in reliance on the misrepresentation; (4) reasonable reliance on the misrepresentation; and (5) damages proximately resulting from such reliance. 2 J. McCarthy, § 31:21, at 602. The knowing misrepresentation must be material. "It is probably the law that in the trademark context, a material misrepresentation arises only if the registration should not have issued if the truth were known to the examiner." *Id.* at 606.

*San Juan Products, Inc. v. San Juan Pools of Kansas, Inc.*, 849 F.2d 468, 473 (10th Cir. 1988) (footnote omitted). *See also Money Store, supra*, 689 F.2d at 670-73 (noting, *inter alia*, "the importance of the role played by the Trademark Examiner," *id.* at 671).

No representation of a "material fact," as opposed to an *argument* about which category the mark should be placed in, was made. Appx at 8. This is also completely dispositive. While perhaps not subject to dismissal out of hand on the pleadings, *Flexible Innovations, supra*, at *7-8, when put to the proof required on summary judgment proceedings, there is no question but that Flexible is entitled to judgment that it did not commit fraud on the PTO.

**WHEREFORE**, Plaintiff prays that partial summary judgment will be issued pursuant to Rule 56(d)(1), FRCP, holding that there is no disputed issue that Plaintiff's marks are not generic nor merely suggestive, but rather at least suggestive, and that Plaintiff has not committed fraud on the PTO, and for such other or further relief to which it may be entitled.

Respectfully submitted,

By: _____

RICHARD L. SCHWARTZ
SBN 17869500
rschwartz@whitakerchalk.com

THOMAS F. HARKINS, JR.
SBN 09000990
tharkins@whitakerchalk.com

**WHITAKER CHALK SWINDLE & SAWYER L.L.P.**
301 Commerce Street, Suite 3500
Fort Worth, TX 76102-4186
(817)878-0500
Fax: (817)878-0501

**ATTORNEYS FOR PLAINTIFF
FLEXIBLE INNOVATIONS, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Brief was sent by first-class United States Mail, postage prepaid, to Counsel for Defendant, Michael A. Grow, Arent Fox LLP, 1050 Connecticut Avenue, NW, Washington, D.C. 20036-5339; and William C. Meier, Central Park Tower, 2350 Airport Freeway, Suite 660, Bedford, Texas 76022, on the 5th day of June, 2008.

RICHARD L. SCHWARTZ

F:\Stor\RLS\FLEXIBLE\HR US LLC\Pleadings\MSJBrief.doc